## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 18, 1897.

ANNA GODWIN, ET AL.,
VS.
MARGARET GODWIN, ET AL.

*John P. Poe* for plaintiffs.

*Wm. Pinkney Whyte, Schmucker & Whitelock, Arthur Geo. Brown, Geo. Stewart Brown, Richard S. Culbreth* and *Fielder C. Slingluff* for defendants.

DENNIS, J.—

I am of the opinion that the children of the testator's two daughters each took a contingent remainder in fee, which became vested upon the deaths of their respective mothers; but by virtue of the clause which provided that "in case any of the children of any of my daughters shall die before attaining the age of twenty-one years, and without issue, it is my will that the share of my estate devised and bequeathed to them respectively, shall pass to and devolve upon such persons as by the then existing laws of Maryland would take the same as my heirs-at-law or distributees," their estate was subject to be divested by death under age and without issue, and the executory devise over in favor of the heirs of the testator would be valid and would come into operation. In other words, the clause quoted is not to be confined to the case of such children as might die under age and without issue between the periods of the death of the testator and the death of their mother. So that, when Frank Godwin, Jr., having survived his mother, died without issue and under the age of twenty-one, his share passed to the then heirs-at-law and distributees of the testator, by virtue of the executory devise over.

The only other question in the case is, did Andrew Banks take in his own right as one of the heirs and distributees of the testator under the said executory devise, or did his interest pass to his trustee in insolvency?

If the interest of Andrew Banks was such a contingent estate that it was not subject to alienation by him, or in case of his death was not descendible or devisable before the death of Frank Godwin, Jr., then it did not pass to his trustee in insolvency upon the death of said Godwin, descendibility and devisability being always the test whether or not the property passes to the trustees in insolvency.

Brooks vs. Ahrens, 68 Md. 212.

Now, contingent estates of inheritance *when the person to take is certain*, are transmissible by descent or devise; but it is well settled that *if the person who is to take be not ascertained*, then such estates are not possibilities coupled with an interest, and can neither be devised or descend at common law; in other words, *if the contingency is in respect to the person who is to take*, and not in respect to the event upon which he is to take, the estate is not transmissible. So, when the limitation over is in favor of the heirs of one now alive, as in this case, as it is impossible to say that Andrew Banks would be alive to answer that description when the limitation over took effect, his interest would not be descendible or devisable, and hence would not pass to his assignee in insolvency, but would vest in him in his own right.

4 Kent Comm. 261.

2 Washburn Real prop. 238.